**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cr-00093-TWP-MG |
| | ) | |
| JAMIE SULLIVAN, | ) | -04 |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE AND FOR COUNSEL**

This matter is before the Court on a *pro se* Motion for Reduction of Sentence filed by Defendant Jamie Sullivan. (Dkt. 855). Ms. Sullivan seeks a reduction in her 288-month sentence. For the reasons explained below, her motion must be **denied**.

Ms. Sullivan was born in April 2001.  On April 23, 2024, Ms. Sullivan pled guilty to Count 1: Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances, Count 4: Conspiracy to Launder Monetary Instruments, Count 9: Distribution of Controlled Substance, and Count 11: Possession with Intent to Distribute Controlled Substance as charged in the second Superseding Indictment. (Dkt. 512). Her advisory guideline sentence was life imprisonment. On September 3, 2024 she was sentenced to 288 months on to Counts 1, 9, & 11 and 120 months on Count 4 and all counts served concurrently for a total sentence of 288 months imprisonment. (Dkt. 519).  The Court explained that the sentence was a downward variance based on the defendant's age, her lack of criminal history, lack of parental guidance, and sincere remorse. (Dkt. 556 at 48).

In her three-sentence motion, Ms. Sullivan respectfully requests that the Court,

> apply a sentence reduction under 5H,1.1 Young Offenders based on the retroactive AMENDMENT effective November 1, 2024. The current offense was committed at the young age of twenty(ies). Defendant believes the

1

amendment applies and request the court to appoint an attorney or represent the defendants interest in this motion only.

(Dkt. 855).

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Ms. Sullivan references the "Young Offenders" amendment under United States Sentencing Guideline § 5H1.1. The Court understands Ms. Sullivan to be referring to Amendment 829 to U.S.S.G. § 5H1.1 in support of her request for a reduced sentence.

Amendment 829 to U.S.S.G. § 5H1.1 provides that "[a] downward departure . . . may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses" and that "risk factors may affect a youthful individual's development into the mid-20's." U.S. Sentencing Comm'n, Amendment 829, 2024 (effective November 1, 2024). The guideline acknowledges that youthful individuals are generally more impulsive, risk seeking, susceptible to influence, and amenable to rehabilitation. *Id*. 18 U.S.C. § 3582(c)(2) allows a court to reduce a sentence for a defendant who was sentenced based on a sentencing range that was lowered after sentencing and made retroactive by the Sentencing Commission. *See* 28 U.S.C. § 358(c)(2); *United States v. Lykes*, 73 F.3d 140, 142 n.1 (7th Cir. 1995) (to qualify a defendant for relief under § 3582(c)(2), a favorable guidelines change must have been promulgated after sentencing *and* made retroactive by U.S.S.G. § 1B1.10).

Unfortunately for Ms. Sullivan, Amendment 829 does not provide her a basis for relief under § 3582(c)(2) because it is not retroactive, and she was sentenced in September 2024—before Amendment 829 went into effect. *See United States v. Parrot*, No. 21-CR-691(RMB), 2025 WL 995398, at *2 (S.D.N.Y. April 3, 2025) (collecting cases); U.S.S.G. § 1B1.10(d) (identifying retroactive amendments, which do not include Amendment 829).

The only other possible avenue for Ms. Sullivan to obtain a sentence reduction is under 28 U.S.C. § 3582(c)(1)(A)(i), which allows a court to reduce a sentence if, among other things, the defendant can show "extraordinary and compelling reasons" for a reduction. A non-retroactive change to the sentencing guidelines cannot be considered when determining whether a defendant has shown an "extraordinary and compelling reason" for a sentence reduction. *See* U.S.S.G. § 1B1.13(b)(6). Ms. Sullivan does not set forth any extraordinary or compelling reasons why her youthful age warrants this relief. Unfortunately, many defendants commit crimes at relatively young ages and that was true in this case, where some of Ms. Sullivan's co-defendants were still teenagers and most were in their twenties. Moreover, the Court considered Ms. Sullivan's young age in sentencing her to a downward variance. Under these circumstances, the Court declines to find that Ms. Sullivan's young age at the time of her crimes, alone or in combination with any other factor, creates an extraordinary and compelling reason for a sentence reduction.

Ms. Sullivan is not entitled to appointment of counsel. *See United States v. Blake,* 986 F.3d 756 (7th Cir. 2021). The Court also declines to attempt to recruit pro bono counsel to represent her. While Ms. Sullivan's motion was not successful, the Court concludes that she adequately explained the bases for her motion for sentence reduction without counsel. *See Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (setting forth factors a court should consider before granting a request for recruitment of pro bono counsel).

For these reasons, Ms. Sullivan's Motion for Sentence Reduction and the Appointment Of Counsel, Dkt. [855], is **DENIED.**

**IT IS SO ORDERED.**

Date: 4/8/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Jamie Sullivan
Reg. No. 65433-510
FCI Tallahassee
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5000
TALLAHASSEE, FL 32314

All Electronically Registered Counsel